United States District Court
Southern District of Texas
**ENTERED**
September 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REAGAN JAMES CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-456 |
| | § | |
| COREY  FURR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT IN PART AND DENY IN PART DEFENDANTS' PARTIAL
## MOTION TO DISMISS AND MOTION TO DISMISS

In this prisoner civil rights action, Plaintiff Reagan James Caldwell asserts Eighth
Amendment claims of excessive force and deliberate indifference.  On March 23, 2017,
Defendants Derek Garza, Fernando Martinez, Jr., and Cheryl Perales filed a Partial
Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).
(D.E. 16).  On May 16, 2017, Defendant Jessica De Los Santos filed a Motion to Dismiss
pursuant to Rules 12(b)(1) and 12(b)(6).  (D.E. 26).

For the reasons stated herein, it is respectfully recommended that the partial
motion to dismiss (D.E. 16) and motion to dismiss (D.E. 26) be GRANTED in part and
DENIED in part.  It is respectfully recommended that these motions each be granted to
the extent that Plaintiff's claims for money damages against Defendants Garza, Martinez,
Perales, and De Los Santos (collectively referred to herein as "Defendants") in their
official capacities be dismissed with prejudice as barred by the Eleventh Amendment.  It
is respectfully recommended further that these motions each be denied with respect to

Plaintiff's deliberate indifference claims against Defendants Perales and De Los Santos, respectively, in their individual capacities.

## I.   JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   PROCEDURAL BACKGROUND.

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate currently incarcerated at the Eastham Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Lovelady, Texas.   Plaintiff's allegations in this case arise in connection with his assignment to the McConnell Unit in Beeville, Texas.

On October 28, 2016, Plaintiff filed his Original Complaint alleging claims of excessive force, deliberate indifference, failure to protect, and retaliation.   Plaintiff names the following McConnell Unit officials as defendants in their individual and official capacities: (1) Lieutenant Perales; (2) Officer Martinez; (3) Nurse Felisha-Ana Antu; (4) Officer De Los Santos; (5) Counsel Substitute Adriana L. Cano; (6) Officer Garza; (7) Assistant Warden Corey Furr; and (8) Major James A. McKee.   (D.E. 1, pp. 4-6). Plaintiff seeks money damages.  (D.E. 1, p. 5).

On December 13, 2016, a *Spears*[1] hearing was conducted.   At the close of the hearing, Plaintiff was granted leave to file any additional information to support his claims.    On January 25, 2017, Plaintiff submitted a pleading entitled "Amended

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Complaint," in which he raised additional allegations related to his claims against Assistant Warden Furr and Major McKee.[2] (D.E. 11).

On February 6, 2017, the undersigned issued a Memorandum and Recommendation (February 6, 2017 M&R), recommending that the Court: (1) retain Plaintiff's excessive force claims against Defendants Garza and Martinez; (2) retain Plaintiff's deliberate indifference claims against Defendants Perales and De Los Santos; and (3) dismiss all of Plaintiff's remaining claims against all other defendants for failure to state a claim and/or as frivolous. (D.E. 12). No objections have been filed challenging the February 6, 2017 M&R, and it remains pending before the District Judge.

The undersigned ordered service on Defendants. (D.E. 13). On March 23, 2017, Defendants Garza and Martinez filed their joint answer. (D.E. 15). That same day, Defendants Garza, Martinez, and Perales filed a Partial Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (D.E. 16). On May 16, 2017, Defendant De Los Santos filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (D.E. 26). Plaintiff has not responded to either motion.

## III.   PLAINTIFF'S ALLEGATIONS.

Plaintiff made the following allegations relevant to the pending motions to dismiss in his Original Complaint, the supplemental Amended Complaint, or at the *Spears* hearing.

---

[2] Although an amended pleading replaces the preceding pleading in its entirety, Plaintiff's "Amended Complaint" reads as a supplemental pleading under Fed. R. Civ. P. 15(d) by augmenting his Original Complaint.

Plaintiff has trouble walking due to a hip replacement surgery in 1998 that left him with permanent walking difficulties.   On July 7, 2016, after Plaintiff attended a disciplinary hearing, he was escorted back to his cell in administrative segregation by Officers Martinez and Garza.   Plaintiff was handcuffed when the officers began pulling Plaintiff in two opposite directions.   Defendants Martinez and Garza then slammed Plaintiff to the ground and forced his body, head, and lips into a concrete wall and floor. Defendant Garza grabbed Plaintiff's genitals in a vise-gripping manner and twisted his grip.   Defendant Martinez laughed while stating "fight for your gay rights."   Plaintiff states that as a result of the force used, he received a large knot near his forehead, inner split lips, a neck injury, further injury to his pre-existing lower hip condition, and injuries to his genitals.

Defendant Perales arrived at the scene of the incident immediately after it happened and watched as other officers helped Plaintiff off the ground and provided him with a walker.   Nevertheless, Defendant Perales placed Plaintiff in his cell without allowing medical personnel to treat his injuries.   On the day after the assault occurred, Plaintiff informed Defendant De Los Santos that he had continuing pain in his lips, on his forehead, and throughout his body.   Defendant De Los Santos proceeded to reject Plaintiff's request for medical assistance.

## IV.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of

state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the

motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.   DISCUSSION.

### A.   Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Defendants contend that Plaintiff's claims against them for money damages in their official capacities are barred by the Eleventh Amendment. (D.E. 16, pp. 1-2; D.E. 26, p. 2). The undersigned agrees. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B.        Deliberate Indifference and Qualified Immunity

In the February 6, 2017 M&R, the undersigned recommended that Plaintiff had presented sufficient allegations against Defendants Perales and De Los Santos to allow a claim for deliberate indifference to proceed past initial screening.  (D.E. 12).  Defendants Perales and De Los Santos each move for dismissal of Plaintiff's deliberate indifference claims on the grounds they are entitled to qualified immunity.  (D.E. 16, pp. 4-7; D.E. 26, pp. 4-8).

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).  To discharge this burden, the plaintiff must satisfy a two-prong test." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005).  First, he must claim that the defendants committed a constitutional violation under current law.  *Id.* (citation omitted). Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.  *Id.*

### *Step 1 – Constitutional Violation*

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII.  Prison officials are required to provide humane conditions of confinement

and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates this prohibition against cruel and unusual punishment when his actions show deliberate indifference to a prisoner's serious medical needs. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

An inmate can demonstrate deliberate indifference if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A prison inmate also demonstrates deliberate indifference by showing that "a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendants Perales and De Los Santos each contend that Plaintiff has presented no allegations to show how Defendant Perales intentionally denied or delayed medical care for Plaintiff. (D.E. 16, p. 7; D.E. 26, p. 7). Plaintiff's allegations, however, indicate that Defendant Perales arrived at Plaintiff's unit immediately after the assault took place and watched as other officers helped Plaintiff up off the ground and provided him with a walker. Defendant Perales proceeded to deny Plaintiff access to medical care despite knowing Plaintiff had suffered both visible and nonvisible injuries to his lips, head, neck, back, genitals, and hip. These allegations, which are accepted as true, suggest that

Defendant Perales was aware of the harm Plaintiff had suffered and yet disregarded an excessive risk to Plaintiff's health.

With regard to Defendant De Los Santos, Plaintiff alleged that she also knew of the assault and witnessed visible injuries to the plaintiff's head and lips, in addition to being aware that Plaintiff had walking issues.  According to Plaintiff's allegations, on the day following the assault, Plaintiff informed Defendant De Los Santos that he had continuing pain in his lips, on his forehead, and throughout his body. Despite this knowledge, Defendant De Los Santos rejected Plaintiff's request for medical assistance. These allegations, which are accepted as true, indicate that Defendant De Los Santos was aware of the harm Plaintiff had suffered and intentionally ignored his request to seek treatment for his injuries.

Accordingly, Plaintiff has stated plausible claims of deliberate indifference against both Defendants Perales and De Los Santos.

### Step 2 – Objective reasonableness

Pursuant to the second step of the qualified immunity analysis, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).  For a right to be clearly established under the second step of the qualified immunity analysis, "[t]he contours of that right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In the context of an Eighth Amendment claim, whether a prison official's actions were objectively reasonable depends on whether he or she both knew of a substantial risk of serious harm to an inmate but responded with deliberate indifference to that risk. *Farmer*, 511 U.S. at 847.   Based on the allegations in Plaintiff's complaint, the undersigned cannot conclude at this time that either Defendant Perales or De Los Santos acted objectively reasonable in light of clearly established law.   Because these defendants are not entitled to qualified immunity, the undersigned respectfully recommends that their respective motions to dismiss be denied on the issue of qualified immunity.[3]

## VI.   RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Defendants' Partial Motion to Dismiss (D.E. 16) and Motion to Dismiss (D.E. 16, 26) be GRANTED in part and DENIED in part.   It is respectfully recommended that these motions each be GRANTED to the extent that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment.   Because Plaintiff has stated claims of deliberate indifference against Defendants Perales and De Los Santos and they are not entitled to qualified immunity at this time, it is respectfully recommended further that these motions each be DENIED

---

[3] Any decision to deny the motions to dismiss on the issue of qualified immunity is without prejudice to Defendants Perales and De Los Santos reasserting same through an appropriate motion for summary judgment.   Indeed, the discovery process may reveal additional facts that entitle either or both defendants to qualified immunity.   *See Arenas v. Calhoun*, No. SA-16-CV-01203, 2017 WL 1052618, at *7 (W.D. Tex. Mar. 20, 2017) (explaining in connection with consideration of defendant's motion to dismiss that "the complexities of undertaking the objective unreasonableness analysis alongside the deliberate indifference analysis prevents the [c]ourt from finding that [defendant] is entitled to qualified immunity at this time").

with respect to Plaintiff's deliberate indifference claims against Defendants Perales and De Los Santos in their individual capacities.

Respectfully submitted this 26th day of September, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).